Green, J.
delivered the opinion of the court.
This is an action of assumpsit for- work and labor done, and for materials furnished.
On the trial, it appeared that Davis made a verbal contract with Mathews for the purchase of one hundred acres of land, and that he went on the land and put up some buildings for himself, but that when the parties went to run out the land they disagreed as to the manner it was to be run out, and the contract was never reduced to'writing. The plaintiff raised an account against the defendant for work done and materials furnished in the erection of these houses, and proved that the prices charged were reasonable.
The court charged, that a party making improvements on *327 land, under a verbal contract for the purchase of it, was entitled to recover in this form of action, the value of such improvements.
This is the first case that has come before us, where an ■attempt has been made to recover, in an action at law, for improvements made on land held by a contract void by the statute of frauds. Chancellor Walworth, of New York, denied relief in such a case, where the party sought it in equity.—Putnam vs. Richie, 6 Paige’s Rep. 390. But Mr. Justice Story entertained a bill for improvements, in the case of Bright vs. Boyd, 1 Story’s Rep. 478. He said, “The denial of all compensation to such a bona fide purchaser, in such a case, where he has manifestly added to the permanent valúe of an estate, by his meliorations and improvements, is contrary to the first principles of equity.”
The case of Bright vs. Boyd is the first, so far as we know, in which compensation has ever been given to a party seeking to make the true owner of the land liable. That case was followed by this court, in Herring & Bird vs. Pollard’s executors, 4 Hump. Rep. 362; and reliéf was given for improvements that may have enhanced the value of the land; or, in the language of Judge Story, such meliorations as have added to the permanent value of the estate.
This is as far as any court has ever gone; and, we think, as far as any principle of equity will justify. When a contract for land is entered into, the parties know it will not be binding unless it is made in writing. Each party is equally culpable for failing to make the contract in such manner as that it will be obligatory. If the party agreeing to purchase perform labor, and make improvements, which will benefit the owner of the land, we have said, he has an equitable right to compensation. But if his work and labor, and materials, are of a character that will not benefit the owner of the estate, upon what principle of equity can it be assumed that he ought to be paid? It matters not how much labor he has employed, nor what amount he may have expended for materials, if the estate is not benefitted, he has no claim to compensation from the owner of the land. To allow him to recover, in such a case, would be to reward him for volun *328 teering his labor on another man’s land, and to punish the owner of the soil for permitting him to do it. This cannot be done. His honor, the Judge of the circuit court, erred, therefore, when he told the jury that the plaintiff was entitled to the value of his improvements, whether they enhanced the value of the estate or not. But this only demonstrates the impracticability of such investigations in a court of law. A jury cannot judge of ameliorations, and adjust the matter between the parties. Besides, if a recovery be had in a court of law at all, it must be had for the work, labor and materials, so much as they were worth, as his honor told the jury. But we have seen this is not the criterion of compensation, and, therefore, it is unfit for a court of law, and exclusively a matter to be adjusted in equity.
Reverse the judgment.